**SECURITIES AND EXCHANGE COMMISSION et al., Defendants–Appellants.**

Nos. 95–5862/6625.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 21, 1996.

Before: MERRITT, Chief Judge; KENNEDY, MARTIN, NELSON, RYAN,

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark D. CLEMENTS, Defendant–Appellant.**

No. 94–5224.

United States Court of Appeals, Sixth Circuit.

Submitted March 9, 1995.

Decided June 17, 1996.

**600**

Terry M. Cushing, Asst. U.S. Atty., Mark L. Miller, Asst. U.S. Atty. (briefed), Office of U.S. Atty., Louisville, KY, for plaintiff-appellee.

John A. Bell, Cincinnati, OH, Thomas E. Clancy (briefed), Louisville, KY, for defendant-appellant.

Mark D. Clements, Lexington, KY, pro se.

Before: KENNEDY and NORRIS, Circuit Judges; TAYLOR,* District Judge.

## OPINION ON REHEARING

KENNEDY, Circuit Judge.

Following a jury trial, defendant Mark D. Clements was convicted of conspiracy and attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We issued an opinion affirming his convictions and sentence. *United States v. Clements*, 51 F.3d 273 (6th Cir.1995) (unpublished disposition), *cert. denied*, —— U.S. ——, 116 S.Ct. 1868, 134 L.Ed. 2d 966 (1996). Since our decision, however, the Supreme Court has held that a conviction for violating § 924(c) requires "evidence sufficient to show an *active employment* of the firearm by the defendant." *Bailey v. United States*, —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) (emphasis in the original).

After *Bailey* was decided, defendant filed a Motion for Reconsideration/Petition for Rehearing. In light of *Bailey,* we requested that the parties file supplemental briefs discussing the impact of that case on defendant's conviction. The government concedes that under *Bailey,* the evidence does not support defendant's conviction under 18 U.S.C. § 924(c). However, the government requests that we remand for resentencing on defendant's drug conviction, arguing that without the § 924(c) conviction, he should receive a two-level upward adjustment of his offense level under USSG § 2D1.1(b)(1). Defendant objects to this request on the basis that this Court does not have the authority to remand for sentencing since defendant's conviction and sentence for his drug trafficking offenses have already been affirmed.

Section 2106 of Title 28 of the United States Code vests courts of appeals with the supervisory power to vacate and remand an entire sentencing package despite the fact

---

* The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation.

that it includes an unchallenged sentence. *See* 28 U.S.C. § 2106; *see also Johnson v. United States,* 619 F.2d 366, 368 (5th Cir. 1980); *United States v. Moore,* 540 F.2d 1088, 1091 (D.C.Cir.1976). This power allows an appellate court, in a case on a direct appeal from multiple count criminal convictions where the several sentences are interdependent, to vacate all sentences even if only one is reversed on appeal. *United States v. Rosen,* 764 F.2d 763, 767 (11th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986); *United States v. Busic,* 639 F.2d 940, 947 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); *see Pennsylvania v. Goldhammer,* 474 U.S. 28, 30, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985) (holding that the double jeopardy clause did not bar resentencing on counts that were affirmed on appeal when a sentence of imprisonment on another count was vacated).

■ We conclude that defendant's sentences for his multiple convictions were interdependent. United States Sentencing Guideline § 2D1.1(b)(1) provides for a two point increase in offense level when a firearm is possessed in the course of a crime involving the unlawful manufacturing, importing, exporting, or trafficking of drugs. If, however, the defendant is charged with and sentenced separately for using or carrying a firearm in violation of 18 U.S.C. § 924(c), the two-level enhancement for firearm possession pursuant to § 2D1.1(b)(1) is not permitted so as to avoid double counting. *See* USSG § 2K2.4, comment. (n. 2); *see also United States v. Harris,* 959 F.2d 246, 266–67 (D.C.Cir.), *cert. denied,* 506 U.S. 932, 113 S.Ct. 362, 121 L.Ed.2d 275 (1992).

Had the defendant not been convicted under § 924(c), the District Court would have had the discretion to increase his drug trafficking offense level for firearm possession. However, since he was in fact convicted under § 924(c), it did not have such discretion. As such, defendant's sentences for his drug offenses and using or carrying a firearm were interdependent.

Because defendant's sentences for conspiracy and attempt to possess with intent to distribute methamphetamine and using or carrying a firearm were interdependent, we find it appropriate and within our power to vacate defendant's sentence and remand to the District Court for resentencing. *See United States v. Lang,* 81 F.3d 955, 963 (10th Cir.1996) (holding that when a defendant's conviction under § 924(c) has been reversed on sufficiency of the evidence grounds on appeal, the case must be remanded for resentencing to determine the applicability of the USSG § 2D1.1(b)(1) enhancement); *United States v. Fennell,* 77 F.3d 510, 510–11 (D.C.Cir.1996) (per curiam) (remanding for resentencing after reversal of appellant's conviction under 18 U.S.C. § 924(c)); *United States v. Roulette,* 75 F.3d 418, 426 (8th Cir.1996) (finding that the inapplicability of the prohibition against applying the two-level enhancement once the defendant's conviction under § 924(c) has been reversed warranted remanding for resentencing). On remand, the District Court must determine whether defendant possessed a firearm in connection with his drug trafficking activities within the meaning of the guidelines.

Accordingly, it is hereby ordered that defendant's conviction under 18 U.S.C. § 924(c) be reversed and it is further ordered that this case be remanded to the District Court for resentencing. In all other respects, the petition for rehearing is denied.