UNITED STATES of America, Plaintiff,

v.

**Gregory A. GEVARAS, Defendant.**

**No. 1:90CR0038.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 6, 1996.

Bob Bulford, Cleveland, for U.S.

Albert A. Giuiani, Cleveland, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Gregory A. Gevaras was found guilty by a jury in this Court on August 16, 1990, of one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of using a firearm during and in connection with the drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). This Court sentenced Gevaras to 60 months of imprisonment on the drug charge and a consecutive 60 months of imprisonment on the firearms charge; both sentences were mandatory minimums.

In light of the Supreme Court's recent decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), this Court vacated Gevaras's sentence on the firearm conviction. He is now before this Court for resentencing on the drug conviction. For the reasons which follow, this Court concludes that it lacks jurisdiction to resentence Gevaras.

### I.

After a jury trial, Gevaras was convicted on one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of using a firearm during and in connection with the drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). At sentencing, the parties agreed that the base offense level was 26. *See* United States Sentencing Commission, *Sentencing Guidelines*, § 2D1.1(c)(7). The Court concluded that although Gevaras had put the government to its proof at trial, he was still entitled to a two-level reduction for acceptance of responsibility because he did not challenge the essential factual elements of his conduct; rather, he only challenged the application of the law to his conduct. *See id.* at § 3E1.1, comment. (n.2). Therefore, his final offense level was 24. Because Gevaras was in criminal history category II, the guideline range for his sentence was 57–71 months of imprisonment.

However, Gevaras's convictions are subject to mandatory minimum sentences of 60 months of imprisonment, to be served consecutively. *See* 18 U.S.C. § 924(c)(1) & 21 U.S.C. § 841(b)(1)(B). These statutory minima take precedence over the guidelines. *See* U.S.S.G. § 2K2.4(a). Accordingly, this Court sentenced Gevaras to 60 months of imprisonment on each count, to be served consecutively. This court also sentenced Gevaras to four years of supervised release.

Gevaras has served 61 months in custody. In addition, he received credit for 8.9 months in custody while he was awaiting trial and sentencing, for a total of 69.9 months. This does not include any good time credit.

In December of 1995, the United States Supreme Court rendered its decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Supreme Court significantly restricted the definition of "using" a firearm in 18 U.S.C. § 924(c)(1). Following *Bailey*, Gevaras moved pursuant to 28 U.S.C. § 2251; to vacate his § 924(c)(1) conviction on the ground that there was insufficient evidence to convict him under the new definition. This Court agreed and vacated his § 924(c)(1) conviction.

### II.

Gevaras is now before this Court on the government's motion to resentence him on his drug conviction. Using Gevaras's original offense level of 24, the guideline range would be 57–71 months of imprisonment. Since Gevaras was originally sentenced to 60 months of imprisonment on the drug conviction, this Court could simply resentence him to the original 60 month sentence.

However, the government asks this Court to apply a two-level enhancement for possessing a weapon in relation to the commission of the drug offense. *See* U.S.S.G. § 2D1.1(b)(1). This Court did not originally apply this enhancement to Gevaras, because to do so would have erroneously double counted his possession of the firearm. *See* U.S.S.G. § 2K2.4, comment. (n.2). Now that this Court has vacated the firearms conviction, however, the double counting problem no longer exists. If this Court applied the enhancement, the final offense level would be

26, and the guideline range would be 70–87 months of imprisonment. For the reasons which follow, however, this Court will not resentence Gevaras, and the original sentence will remain in force.

### A. Lack of Jurisdiction

First, this Court lacks jurisdiction to resentence Gevaras. A district court is only authorized to modify a sentence in those instances where Congress has granted it jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996). Congress has granted the district courts authority to modify a sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) pursuant to Fed. R.Crim.P. 35; or (3) on its own motion if the applicable sentencing guideline has been reduced. 18 U.S.C. § 3582(c).

Since the Bureau of Prisons has not made a motion to reduce the sentence and the guideline has not changed, the only possible basis applicable here is Fed.R.Crim.P. 35. However, Fed.R.Crim.P. 35 allows a district court to modify a sentence only if: (1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence. Fed.R.Crim.P. 35. The seven-day time limit is jurisdictional. *United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2nd Cir. 1995). Here, none of these grounds apply, and this Court lacks jurisdiction to modify the sentence. For this reason, at least three district courts have held that they lack jurisdiction in identical circumstances. *See Warner v. United States*, 926 F.Supp. 1387, 1396–98 (E.D.Ark.1996); *Beal v. United States*, 924 F.Supp. 913, 917 (D.Minn.1996); *United States v. Leach*, 5:93CR–102–4–F (E.D.N.C. 1996).

The government argues that 28 U.S.C. § 2255 gives this Court the jurisdiction to resentence Gevaras. The government maintains that when Gevaras challenged his 924(c)(1) conviction, he placed the entire sentencing "package" before the Court. At least one district court has subscribed to this theory. *See Mixon v. United States*, 926 F.Supp. 178, 181–82 (S.D.Ala.1996). If this Court had sentenced Gevaras under the guidelines, it might agree. Under the guidelines, the counts are grouped together, and the defendant receives one sentence or "sentencing package." However, Gevaras was not sentenced under the guidelines. Instead, Gevaras received a discrete sentence on each count. In these circumstances, Gevaras cannot be said to have challenged the entire sentencing package; rather he simply challenged his § 924(c)(1) conviction. In doing so, he did not put his drug conviction or sentence before this Court.

The government also argues that because the resulting sentence of 60 months is illegal, § 2255 gives this Court the authority to correct it. As an initial matter, the premise of this argument is flawed. As discussed below, the enhancement for possession of a weapon does not apply in this case. *See* II.C., *infra.* Therefore, the guideline range is 57–71 months and the 60 month sentence is not "illegal." Even if the sentence were illegal, however, § 2255 would not give this Court the authority to correct it. Only federal prisoners are entitled to relief under § 2255, and the government is not a federal prisoner. For this reason, even the court in *Mixon* rejected this approach. *See Mixon*, 926 F.Supp. at 181.

This case might be different if it involved resentencing after an appeal. The Sixth Circuit has held that it may remand a drug conviction for resentencing after it has reversed a related firearm conviction *on direct appeal. United States v. Clements*, 86 F.3d 599, 600–01 (6th Cir.1996) (emphasis added). However, it has not ruled on whether a defendant may be resentenced after a successful § 2255 petition. As one of the cases cited by the circuit in *Clements* noted:

> With a collateral attack, only a specific sentence on a specific count is before the district court. The narrow scope of review on a collateral attack is almost jurisdictional in nature. The court has power only over what is brought before it. On a direct appeal, however, none of the sentences has become final and the appellate court has all sentences before it. 28 U.S.C. § 2106.

*United States v. Rosen,* 764 F.2d 763, 766 (11th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986). Like *Rosen, Clements* is based primarily on a statute which gives the circuit courts broad jurisdiction to correct sentences *on appeal. See* 28 U.S.C. § 2106. The rationale of *Clements* should not be extended to § 2255 petitions. Likewise, while several other circuits have agreed that a sentence on a related conviction may be vacated on appeal, none have decided that it may be vacated following a successful § 2255 petition. *See. e.g., United States v. Lang,* 81 F.3d 955 (10th Cir. 1996). Accordingly, this Court concludes that it does not have jurisdiction to resentence Gevaras.

## B. Double Jeopardy

Even if this Court had jurisdiction to resentence Gevaras, such a resentencing would violate the double jeopardy clause of the fifth amendment to the United State Constitution. Prior to 1980, it was clear that the double jeopardy clause prohibited a district court from enhancing a sentence once the defendant had started to serve it. *See United States v. Adams,* 362 F.2d 210, 211 (6th Cir.1966). Thus, the sentence for an undisturbed conviction could not be enhanced after a related conviction had been vacated pursuant to § 2255. *See Chandler v. United States,* 468 F.2d 834, 836–37 (5th Cir.1972). However, the Supreme Court has since ruled that a defendant may be resentenced after appeal without violating double jeopardy, even though the defendant had begun serving the sentence. *See Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

▮ The modern rule is that double jeopardy only prevents resentencing if the defendant has a legitimate expectation of finality in the first sentence. *Gauntlett v. Kelley,* 849 F.2d 213, 218 (6th Cir.1988). Thus, where the defendant appeals the sentence, knows that the sentence may be appealed, or has only served a few days of the sentence, there is no legitimate expectation of finality. *See United States v. Rico,* 902 F.2d 1065, 1068 (2nd Cir.1990), *cert. denied,*

498 U.S. 943, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *United States v. Pimienta–Redondo,* 874 F.2d 9, 16 (1st Cir.1989) (en banc). However, where the sentence is final, and the defendant has served all or nearly all of his sentence, there is an expectation of finality. *See United States v. Daddino,* 5 F.3d 262, 265 (7th Cir.1993); *United States v. Lundien,* 769 F.2d 981, 985 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986); *Warner,* 926 F.Supp. at 1393–95.

▮ Here, Gevaras has not attacked his sentence on the drug charge, either directly or collaterally, and the sentence has been final for several years. In addition, Gevaras has served the entire term of imprisonment. Accordingly, Gevaras has a legitimate expectation of finality in the drug sentence, and it would violate double jeopardy to resentence him on that count. *Accord Warner,* 926 F.Supp. at 1393–95.

## C. Merits of the Enhancement

Assuming that this Court had jurisdiction and could resentence Gevaras without violating the double jeopardy clause, the sentence would not change. The offense level is 24 and Gevaras is in criminal history category II, so the guideline range is 57–71 months of imprisonment. Gevaras's original sentence of 60 months is within the guideline range.

▮ As noted above, however, the government seeks a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), which provides that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." This adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." *Id.* at § 2D1.1(b)(1), comment. (n.3). Thus, the government must establish (1) that the defendant actually or constructively possessed the weapon and (2) such possession was during the commission of the offense. *United States v. Hill,* 79 F.3d 1477, 1485 (6th Cir. 1996). Once the government has established

that the defendant was in possession of a weapon during the offense, the burden shifts to the defendant to show that it is clearly improbable that the weapon was connected to the offense. *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir.1991).

Here, it is undisputed that Gevaras possessed several weapons while he sold drugs. He had four weapons in the office; one was loaded and in the desk drawer, while three unloaded weapons were scattered about the room. Thus, the first prong is met.

However, the weapons were not related to the drug offense. It is clearly improbable that the three unloaded firearms which were not within reach were related to the drug offense. They are analogous to the hunting rifle in the closet described in the sentencing guidelines.

The loaded gun in the desk drawer presents a closer question. The undisputed testimony at trial was that the firearms were present to protect the legitimate bar and check-cashing businesses. There is no evidence that they were present to protect the drug business.

In similar situations, the Sixth Circuit has concluded that no enhancement is appropriate. In *United States v. Zimmer*, 14 F.3d 286, 290–91 (6th Cir.1994), the circuit rejected the enhancement in part because the undisputed testimony showed that the weapons were used for hunting, and were not related to any drug offense. Similarly, in *United States v. Peters*, 15 F.3d 540, 546 (6th Cir.), *cert. denied*, 513 U.S. 883, 115 S.Ct. 219, 130 L.Ed.2d 146 (1994), the police found a pistol in a dresser drawer after finding cocaine on top of the dresser. The district court did not apply the enhancement, and the circuit affirmed. *Id.* The present case is almost identical; Gevaras kept the firearm in the top drawer of his desk to protect his legitimate businesses, and there is no evidence connecting any of the weapons to the drug crime.

The probation office concurs in this analysis, and recommends that this Court not apply the enhancement because the evidence shows that the weapons were there to protect the bar. Similarly, this Court finds that the government has not shown by a preponderance of the evidence that Gevaras possessed a firearm in relation to the drug trafficking offense, and would not apply the enhancement even it had the authority to do so.

Even if this Court applied the enhancement, the resentencing would probably be moot. The enhancement would raise the offense level to 26, and the guideline range would be 70–87 months of imprisonment. This Court would sentence Gevaras to 70 months of imprisonment. As noted above, Gevaras has already served 69.9 months. Thus, he would have to serve only one-tenth of a month, or three days. Moreover, the application of Gevaras's good time credit most probably would result in him not being required to.serve any additional time.

## III.

Although this Court lacks jurisdiction to resentence Gevaras, he is still subject to the original sentence for his drug conviction, which provides for four years of supervised release. This Court cautions Gevaras to comply with the terms of his supervised release, and notes that Gevaras remains subject: to the jurisdiction of this Court should he violate those terms.

## IV.

For the foregoing reasons, this Court concludes that it lacks jurisdiction to resentence Gevaras, and denies the government's motion to resentence him. Gevaras remains subject to the terms of his original sentence for his drug conviction.

This order is final and appealable.

IT IS SO ORDERED.