**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 96-6533

CLIFTON ALSTON, a/k/a Shaky,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-92-70, CA-95-456-1)

Submitted: June 3, 1997

Decided: August 27, 1997

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge,
and PHILLIPS, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Keith E. Golden, GOLDEN & MEIZLISH CO., L.P.A., Columbus,
Ohio, for Appellant. Walter C. Holton, Jr., United States Attorney,
Benjamin H. White, Jr., Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clifton Alston, a/k/a Shaky, appeals from the district court's order adopting the magistrate judge's recommendation to deny relief on his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) motion. For the reasons stated below, we reverse his conviction under 21 U.S.C.A. § 924(c)(l) (West Supp. 1997) for using or carrying firearms during and in relation to a drug trafficking crime on the grounds of insufficiency of the evidence.

In 1991, law enforcement officials began investigating Alston for drug trafficking and money laundering. Federal agents arrested Alston on April 2, 1992, and seized from his person over $1400. They then executed a search warrant of his home, from which they seized $14,195 in cash, numerous guns, and various quantities of crack cocaine.

Pursuant to a plea agreement, Alston pled guilty to three counts of a seven count indictment: possession with intent to distribute and distribution of more than fifty grams of crack, in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), 846 (West 1981 & Supp. 1997) (Count One); money laundering, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 1997), 18 U.S.C. § 2 (1994) (Count Two); and using or carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1997) (Count Six). The district court held a Fed. R. Crim. P. 11 hearing and accepted Alston's guilty plea to Counts One, Two, and Six, after determining that Alston made a knowing and voluntary plea, that there was a factual basis for the plea, and that Alston acknowledged his guilt. Alston received concurrent ninety-six-month prison terms on Counts One and Two, and a consecutive sixty-month prison term on Count Six. This court affirmed his convictions on direct appeal.

2

Alston filed a 28 U.S.C.A. § 2255 motion in June 1995 asserting claims of ineffective assistance of counsel in the district court and on appeal, and a claim of denial of due process during the Rule 11 hearing. In January 1996, the district court adopted the magistrate judge's recommendation to deny relief. Alston timely appealed. In April 1996, the district court issued a memorandum noting that in light of the United States Supreme Court's December 1995 decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Alston might be entitled to relief from his conviction under 18 U.S.C.A. § 924(c)(1) for using or carrying a firearm during a drug trafficking crime. This court granted a certificate of appealability on the issue of whether Bailey applies retroactively to Alston's nonsuccessive habeas corpus petition. [1]

Section 924(c)(1) provides in relevant part that"[w]hoever, during and in relation to any . . . drug trafficking crime . . . , uses or carries a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime, be sentenced to imprisonment for five years." 18 U.S.C.A. § 924(c)(1). Alston contends that his conviction under § 924(c)(1) is not supported by the new, narrower interpretation of "using" a firearm annunciated by the Supreme Court in Bailey. In Bailey, the Supreme Court ruled that a conviction for "using" a firearm under § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Bailey, ___ U.S. at ___, 64 U.S.L.W. at 4041 (emphasis added). Previously, the word "use" was interpreted to include constructive possession of a firearm that facilitated a drug transaction in any way. See, e.g., United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988).

Because the evidence does not support Alston's conviction for use of a firearm under Bailey[2] and because the Government concedes that

_____

[1] Alston did not pursue his due process and ineffective assistance of counsel claims on appeal and we do not address them.
[2] Alston was not armed at the time of his arrest and therefore was not "carrying" a firearm for purposes of § 924(c)(1). See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997)("carry" under § 924(c)(1) "requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner").

3

Bailey is retroactive, we reverse Alston's conviction under § 924(c)(1) and remand for resentencing. We note that United States Sentencing Commission, Guidelines Manual,§ 2D1.1(b)(1) (Nov. 1996), calls for a two-level increase when a defendant possessed a dangerous weapon during the commission of a drug offense. At the initial sentencing, Alston's firearm conviction precluded the government from seeking to enhance his sentence under this provision for possessing the firearms seized from his home. See United States v. Clements, 86 F.3d 599, 601 (6th Cir. 1996) (noting that if defendant is charged with and sentenced separately for using and carrying a firearm in violation of 18 U.S.C. § 924(c), the two-level enhancement for firearm possession pursuant to U.S.S.G. § 2D1.1(b)(1) is not permitted so as to avoid double counting). The government now may wish to seek an enhanced sentence under U.S.S.G. § 2D1.1(b)(1). See United States v. Hillary, 106 F.3d 1170, 1171-73 (4th Cir. 1997).

REVERSED AND REMANDED

4