**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0311n.06

**No. 13-5409**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| BOBBY AMBROSE, | ) | **COURT FOR THE EASTERN** |
| | ) | **DISTRICT OF TENNESSEE** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE:  NORRIS, COLE, and GIBBONS, Circuit Judges.**

**GIBBONS, Circuit Judge.**  A jury convicted Bobby Ambrose of four drug offenses, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.  The district court judge sentenced him to 168 months' imprisonment.  On appeal, we remanded for additional fact-finding and resentencing.  On remand, the district court entered an amended judgment sentencing Ambrose to 228 months' imprisonment.  Ambrose appeals again, arguing that the district court failed to make the necessary factual findings and that it erred in concluding that the panel's resentencing order was a limited remand.  For the following reasons, we affirm.

**I.**

The facts surrounding Ambrose's convictions are fully discussed in our prior opinion. *United States v. Beals*, 698 F.3d 248, 261–63 (6th Cir. 2012). This appeal concerns the scope of, and the district court's compliance with, the original panel's remand.

Ambrose was charged with four drug offenses, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Beals*, 698 F.3d at 261. He moved to suppress evidence seized from his home, which the district court denied. *Id.* Following a five-day trial, the jury convicted Ambrose as charged. *Id.* The district court sentenced Ambrose to an aggregate term of 168 months' imprisonment. *Id.* at 271. As relevant to this appeal, the district court imposed a concurrent mandatory minimum sentence of five years for Ambrose's § 924(c) conviction. *Id.*

Ambrose's first appeal concerned the denial of his suppression motion. He argued, among other things, that all seized evidence should have been suppressed because the officers searched in places not authorized by a warrant. *Id.* at 263. We remanded "for the limited purpose of the district court making further findings" on three unresolved factual issues. *Id.* at 268. The factual issues were:

> First, officers testified that when they knocked on Ambrose's apartment door in their attempt to secure consent to search the garage, R.176 at 186–87, Mrs. Ambrose opened it and freely let them in. R.176 at 43 ("[W]e asked if we could come in, she invited us in."), 65 ("I told her who we were, identified ourselves, told her why we were there. She invited us in, told us to come in[.]"). The officers then walked through the apartment and into the hallway that leads to the garage. *Id.* at 43–44. According to Mrs. Ambrose, the officers entered her apartment without asking. *Id.* at 105. In fact, she asked to get dressed before they came in, but the officers said "no," pushed open the door, and came in anyway. *Id.* at 105–06. She said she never invited them in or otherwise gave consent for them to enter. *Id.* at 109–10. The district court did not address this entry, so it never determined which version of the facts to believe.

Second, Major Hensley and Ronnie Adkins, Chief Investigator for the Unicoi County Sheriff's Department, both testified that they searched Ambrose's apartment at his wife's request. *Id.* at 46–47, 51, 69–70. According to both officers, when they explained to Mrs. Ambrose the basis for their search of the garage, she became concerned for her own and her young child's safety and asked the officers to "look around" her apartment for toxic items related to methamphetamine. They did so and found nothing of concern. *Id.* Mrs. Ambrose flatly denies asking officers to search her apartment. *Id.* at 109, 113–14. This dueling testimony was never resolved by the district court, so there is no finding whether or not Mrs. Ambrose consented to the search of the apartment.

Finally, Ambrose's mother and sister testified that they watched officers search Ambrose's apartment *after* Mrs. Ambrose left to take her son to the hospital. *Id.* at 117–18, 124–25, 131. His mother saw officers take the mattress off the bed and rummage through dresser drawers. *Id.* at 118. Mrs. Ambrose corroborated this testimony, stating that it appeared her apartment had been thoroughly searched—her mattress was out of place, clothes were on the floor, and dresser drawers were left open. *Id.* at 110. The officers, however, testified to the contrary. *Id.* at 71 ("Q. Okay. You did not search that apartment where the young lady was? A. Only the area that she requested."). This second alleged search of the apartment also was not addressed below.

*Id*. at 267–68 (footnote omitted).

The Government cross-appealed the concurrent sentence imposed for the § 924(c) conviction because the precedent upon which the sentence was based, *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), was overruled by *Abbott v. United States*, 131 S. Ct. 18 (2010), while Ambrose's appeal was pending. We held: "Because the district court declined to impose a consecutive minimum sentence of five years for the conviction, Ambrose's sentence is now unlawful, and he must be resentenced." *Id*. at 272. We explained that Ambrose "must be resentenced consistent with *Abbott* (assuming, of course, that his § 924(c) conviction survives the district court's further factfinding regarding the search)." *Id*. at 273. We concluded: "For these reasons, we . . . **VACATE** Ambrose's sentence, and **REMAND** Ambrose's case to the district court for proceedings consistent with this opinion." *Id*.

On remand, the district court referred the case to the magistrate judge, who issued a Supplemental Report and Recommendation addressing the three factual issues we identified. The magistrate judge again recommended that the district court deny Ambrose's motion to suppress. The magistrate judge discussed the conflicting testimony and specifically found the following:

> In order to comply with the Sixth Circuit's decision, and the referral of the District Judge for this supplemental report and recommendation, the Court has reviewed in its entirety the transcript from the February 4, 2009 hearing [Doc. 176], and the notes taken by the undersigned at that hearing. From all of this, and the Court's recollections regarding credibility of the various witnesses, the Court is prepared to address the issues raised by the Court of Appeals without the necessity for additional testimony. As pointed out by the Sixth Circuit, there was testimony at the hearing put forth by both the government and the defendant on each of the issues involved in the remand. The Court simply did not resolve those factual disputes in the previous report and recommendation.
>
> With respect to first issue, the initial entry of the officers into the apartment . . . . The testimony of these officers did not equivocate on the issue of whether Mrs. Ambrose invited them in, or whether they entered the apartment without her consent. The Court believed at the time, and believes today, that the officers told the truth, and that they did not enter the apartment until invited inside by Mrs. Ambrose after she chose to open the door. Their testimony is credible and consistent. In fact, one of their priorities was to "make contact with the Ambroses, even before we utilized the search warrant, to try to obtain a consent to search (the garage)." [Doc. 176 at 186–87].
>
> The factual dispute regarding the second issue is whether the search conducted in the apartment was at Mrs. Ambrose's request or illegally carried out by the officers on their own initiative. . . . The officers again were clear on their testimony in this regard. The Court observed their demeanor as they described Mrs. Ambrose's understandable concern for the safety and well being of her infant son when she, by her own account, learned that methamphetamine was being "cooked" in the garage scant feet away from where they lived. Their testimony was believed: the Court finds that defendant's wife requested and directed the search of the apartment for substances which could prove harmful to her and her son.
>
> The third factual dispute regards the conflicting testimony of defendant's mother, sister and wife with that of the officers as to whether a further search took place in her apartment after she left the apartment with her son. . . . Once again, the Court believes the officers told the truth, and that they only searched the areas she

requested while they were looking for substances that might harm her and her child. The Court finds that no search was done outside the presence of defendant's wife.

In summation, the Court finds that the officer's [sic] were truthful regarding their actions regarding all three areas of inquiry set out in the Court of Appeals' decision. Accordingly, it is not necessary to address the issue of whether a blanket suppression of the incriminating evidence found in the garage is appropriate. Accordingly, it is RESPECTFULLY RECOMMENDED, once again, that the defendant's Motion to Suppress [Doc. 127] be DENIED.

The district court adopted "the findings of fact and conclusions of law contained in the supplemental [report and recommendation]," stating:

Even though no objection has been filed, the undersigned has nonetheless thoroughly reviewed the original R&R, the supplemental R&R, the defendant's motion, the parties' original briefing, the Sixth Circuit's partial remand opinion, the transcript of the original motion hearing, and all other relevant contents of the docket. Having done so, the court finds itself in agreement with the magistrate judge that the testifying officers "were truthful regarding their actions regarding all three areas of inquiry set out in the Court of Appeals' decision. Accordingly, it is not necessary to address the issue of whether a blanket suppression of the incriminating evidence found in the garage is appropriate."

Having concluded that Ambrose's § 924(c) conviction survived his motion to suppress, the district court turned to sentencing. The district court found that the remand was "a limited one." It interpreted the remand as an instruction "to do one thing only— impose the 60-month § 924(c) sentence *consecutively* in light of the change in the law." The district court therefore held that a resentencing hearing was neither necessary nor authorized. The district court entered an amended judgment, sentencing Ambrose to 228 months' imprisonment, including a 60 month term for the § 924(c) conviction "to be served consecutively pursuant to the Supreme Court's decision in *Abbott* and the Sixth Circuit's remand directive in *Beal*."

**II.**

When reviewing a motion to suppress, we review *de novo* the district court's legal conclusions and review any factual findings for clear error. *United States v. Kinison*, 710 F.3d

678, 681 (6th Cir. 2013). We "view the evidence in the light most favorable to the district court's factual findings." *United States v. McCraney*, 674 F.3d 614, 616–17 (6th Cir. 2012). "Factual findings or credibility determinations by the district court are clearly erroneous only if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Simmons*, 174 F. App'x 913, 916 (6th Cir. 2006) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

Ambrose challenges the district court's opinion on the basis that it is "conclusory." But a district court is not required to rewrite the magistrate judge's credibility determinations and factual findings; it "may accept . . . in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, even though Ambrose did not object to the magistrate judge's supplemental report and recommendation, the district court "thoroughly reviewed the original R&R, the supplemental R&R, the defendant's motion, the parties' original briefing, the Sixth Circuit's partial remand opinion, the transcript of the original motion hearing, and all other relevant contents of the docket." The district court then properly adopted the magistrate judge's findings of fact, which discussed each of the three conflicting areas of testimony, made credibility determinations regarding the conflicting testimony, and made factual findings on the basis of those credibility determinations.

Ambrose also suggests that the magistrate judge's supplemental findings of fact were deficient. He bases this argument on the fact that although the magistrate judge found the officers credible, the judge did not expressly find the defense witnesses incredible. This argument is unmeritorious. The court does not, as Ambrose contends, need to explicitly state that the defense witnesses were incredible. This finding is implicit in the court's unambiguous decision to credit the police officers' testimony over the testimony of the other witnesses. And

"[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

**III.**

Ambrose contends that the original panel issued a general remand in its October 16, 2012 opinion and that the district court misinterpreted the remand when it limited itself to the issue of consecutive sentencing under *Abbott*. We review that question *de novo*. *United States v. Parks*, 700 F.3d 775, 777 (6th Cir. 2012).

"Under 28 U.S.C. § 2106, courts of appeals may issue either general or limited remands. A general remand permits the district court to redo the entire sentencing process, including considering new evidence and issues." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) (internal citations omitted). A limited remand, however, does not permit *de novo* resentencing; it "constrains the district court's authority to the issue or issues adjudicated." *Id*. "Unless otherwise specified, a remand order is presumed to be general." *Id.* "A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *Id*. "It must convey clearly the intent to limit the scope of the district court's review. . . . by outlining the procedure the district court is to follow, articulating the chain of intended events with particularity, and leaving no doubt as to the scope of the remand." *Id*. (internal citation omitted). The difference between a limited and general remand, therefore, "is the presence of limiting language." *United States v. Lopez*, 453 F. App'x 602, 604 (6th Cir. 2011). "When a court simply vacates a sentence and remands for 'resentencing,' or 'resentencing consistent with this opinion,' that will typically be a general remand." *United States v. Hunter*, 646 F.3d 372, 374 (6th Cir. 2011).

Ambrose makes two arguments in support of his position that the remand in this case was general. First, he focuses on the fact that the original panel used the phrase "consistent with this opinion" in ordering the remand. This argument is unconvincing. The single-sentence conclusion followed an entire section considering whether Ambrose must be resentenced in light of the Supreme Court's intervening decision in *Abbott*. We held: "Because the district court declined to impose a consecutive minimum sentence of five years for the conviction, Ambrose's sentence is now unlawful, and he must be resentenced." *Beals*, 698 F.3d at 272. We then determined that Ambrose "must be resentenced consistent with *Abbott* (assuming, of course, that his § 924(c) conviction survives the district court's further factfinding regarding the search)." *Id.* at 273. It was "[f]or th[is] reason" that Ambrose's sentence was vacated and the case remanded. *Id.* These are all examples of limiting language. By instructing the district court to resentence Ambrose in light of *Abbott*, the opinion outlined the single issue to be addressed and created a narrow framework within which the district court was required to operate. *See McFalls*, 675 F.3d at 604.

Ambrose's second argument is broader. He contends that because treatment of an 18 U.S.C. § 924(c) conviction is "interdependent" and part of the "sentencing package," *de novo* sentencing is required. We have explained that "[t]he presumption in favor of a general remand is necessarily strong in the context of a resentencing because the calculation of a sentence under the Guidelines 'requires a balancing of many related variables,' and '[t]hese variables do not always become fixed independently of one another.'" *McFalls*, 675 F.3d at 605 (second alteration in original) (quoting *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999)). Permitting *de novo* sentencing where sentences are interdependent allows "the district judge

discretion to consider and balance all of the competing elements of the sentencing calculus." *Campbell*, 168 F.3d at 266.

Ambrose relies primarily on *United States v. Clements*, 86 F.3d 599 (6th Cir. 1996). There, Clements appealed his convictions and sentence for conspiracy and attempt to possess with intent to distribute methamphetamine and using a firearm in relation to a drug tracking crime. *Id*. at 600. After the government conceded that Clements's § 924(c) firearm conviction was no longer valid in light of an intervening Supreme Court decision, the question was whether the panel had statutory authority to vacate Clements's sentence for the drug convictions. *Id*. The panel held that in a case on direct appeal from a multiple count criminal conviction, a court of appeals may vacate and remand an entire sentencing package despite the fact that it includes an unchallenged sentence "where the several sentences are interdependent." *Id*. at 601–02. In Clements's case, the existence of the firearm conviction foreclosed the imposition of an additional sentencing enhancement for the drug convictions. *Id*. at 601. For that reason, we concluded that Clements's sentences were interdependent and remanded the case for *de novo* resentencing. *Id.*

Ambrose argues that his sentence is likewise "interdependent" because the district court may have considered a lower sentence to meet the 18 U.S.C. § 3553(a) factors had it known that Ambrose's § 924(c) mandatory sentence was consecutive. Initially, *Clements* is of little assistance because *Clements* concerned an appellate court's power under § 2106 to vacate all sentences where only one is reversed on appeal. *Clements*, 86 F.3d at 601. The issue in this appeal is the proper interpretation of the remand. On that question, while *McFalls* and *Campbell* certainly stand for the proposition that the presumption in favor of general remands is stronger in cases implicating Guidelines sentences, neither supports the proposition that all cases implicating

§ 3553(a) are subject to general remands. Even in such cases, the ordinary rules of construction apply—clear limiting language denotes a limited remand. *See McFalls*, 675 F.3d at 604. As there was clear limiting language in our prior opinion, the presumption in favor of general remands is overcome.

Regardless, Ambrose's sentence is not so interdependent to require a general remand. While Ambrose challenges the total 228-month term of imprisonment, his argument ignores the fact that his amended sentence was composed of numerous discrete, independent sentences, each of which was adequately supported. Ambrose was sentenced to a term of imprisonment of 168 months on *each* of counts 1, 2, 9, and 11 (the § 924(c) count), to run concurrently. The district court concluded that the sentences would afford adequate deterrence and provide just punishment. Ambrose's amended sentence consisted of "168 months as to Counts 1, 2, and 9 . . . with each of those terms to be served concurrently, and a term of 60 months as to [the § 924(c) count], to be served consecutively." The appeal and resentencing did not disturb the 168-month sentences for counts 1, 2, and 9, but concerned only the propriety of the sentence as to the § 924(c) count. Accordingly, there was no need for the district court to reconsider the propriety of the sentences for counts 1, 2, and 9 in light of § 3553(a) as each sentence was independent of the § 924(c) sentence and each was found to be adequately supported. Ambrose even concedes that "[t]here was nothing between the appeal and resentencing which would have cast doubt on these findings."

## IV.

For these reasons, we affirm Ambrose's convictions and sentence.