*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0193p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                         *Plaintiff-Appellee,*

              *v.*

JUAN FRANCISCO LOPEZ,
                         *Defendant-Appellant.*

No. 07-5768

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 06-00120—Danny C. Reeves, District Judge.

Submitted: December 12, 2008

Decided and Filed: June 1, 2009

Before: MARTIN and KETHLEDGE, Circuit Judges; CARR, Chief District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Robert E. Norfleet, Somerset, Kentucky, for Appellant. Charles P. Wisdom, Jr., Andrew Sparks, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. Juan Francisco Lopez, a defendant convicted of various federal drug and firearm charges, appeals the district court's denial of his Fourth Amendment motion to suppress evidence obtained pursuant to his arrest for reckless driving. In light of intervening Supreme Court authority, we reverse and remand.

---

[*] The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

I.

On September 27, 2006, Kentucky State Police Trooper Tommy Cromer clocked Lopez driving 106 miles per hour on I-75 in Rockcastle County, Kentucky.  Cromer gave chase and eventually arrested Lopez for reckless driving.  After securing Lopez in the back of the patrol car, Cromer searched the passenger area of Lopez's car.  Under the driver's seat, Cromer found a brake-shoe box containing 73 grams of crack cocaine, a set of digital scales, and a Glock .40 caliber handgun loaded with ten rounds of ammunition.

Lopez was later indicted in federal court for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  He moved to suppress the evidence found during Cromer's search of his vehicle, arguing that the search made was in violation of the Fourth Amendment.  Alternatively, Lopez argued that the evidence should be suppressed because Cromer lacked probable cause to arrest him.  The district court rejected both arguments and denied the motion.  Lopez thereafter pled guilty to the charged offenses, reserving the right to appeal the district court's denial of his motion to suppress.

This appeal followed.

II.

"In considering district court rulings on suppression motions, we review findings of fact for clear error and conclusions of law *de novo*."  *United States v. Ostrander*, 411 F.3d 684, 694 (6th Cir. 2005).

Lopez makes two arguments on appeal.  First, he argues that his arrest was unlawful because Cromer did not have probable cause to arrest him for reckless driving.  Under Kentucky law, a police officer "may make an arrest [w]ithout a warrant when a violation of [Ky. Rev. Stat. Ann] § 189.290 . . . has been committed in his presence[.]"  Ky. Rev. Stat. Ann § 431.005(1)(e).  Section 189.290(1) in turn provides that "[t]he operator of any vehicle upon a highway shall operate the vehicle in a careful manner,

with regard for the safety and convenience of pedestrians and other vehicles upon the highway." This section covers "what is commonly referred to as 'reckless driving.'" *Hutchinson v. Commonwealth*, 2003 WL 22220333 at *1 (Ky. App. 2003).

Lopez contends that speeding alone cannot constitute reckless driving under Kentucky law, and that his arrest was therefore unlawful. The Kentucky Supreme Court has specifically held, however, that speeding in excess of 100 miles per hour constitutes reckless driving under § 189.290(1). *See Huff v. Commonwealth*, 406 S.W.2d 831, 833 (Ky. 1966). Here, it is undisputed that Lopez sped past Cromer in excess of 100 miles per hour. Lopez thus committed a violation of § 189.290(1) in Cromer's presence, and Cromer was authorized to arrest him under § 431.005(1)(e). Lopez's first argument is therefore meritless.

Second, Lopez argues that the police violated his Fourth Amendment rights by searching the passenger compartment of his car when he was already secured in the back seat of the patrol car. In *New York v. Belton*, 453 U.S. 454 (1981), the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460. By its terms, then, *Belton* permitted the search at issue here.

But the Supreme Court has since changed the law. In *Arizona v. Gant*, 556 U.S. ___, No. 07-542 (Apr. 21, 2009), the Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.*, slip op. at 18.

That standard is not met here. Lopez was not within reaching distance of his vehicle's passenger compartment at the time of the search, but was instead handcuffed in the back seat of the patrol car by then. There was no reason to think that the vehicle contained evidence of the offense of arrest, since that offense was reckless driving. The search of Lopez's vehicle, therefore, violated the Fourth Amendment as interpreted in *Gant*.

The judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.