**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0503n.06

**No. 09-2507**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 20, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARTELL LAVAR PEOPLES, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

**Before: GIBBONS and WHITE, Circuit Judges, and OLIVER, Chief District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.** The United States of America appeals a district court order granting defendant-appellee Martell Lavar Peoples's motion to suppress a firearm seized from his automobile following his arrest for driving on a suspended license. Although conceding that the search of Peoples's car is no longer permissible under *Arizona v. Gant*, 129 S. Ct. 1710 (2009), the government contends that suppression of the firearm was improper because the police officers conducting the search, which occurred before *Gant*, acted in objectively reasonable reliance upon existing Sixth Circuit precedent. In light of the Supreme Court's recent decision in *Davis v. United States*, 131 S. Ct. 2419 (2011), and our decision in *United States v. Buford*, 632 F.3d 264 (6th Cir. 2011), we reverse the district court.

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

-1-

I.

At approximately 3:30 a.m. on the morning of February 8, 2009, Officer Brian Dozeman of the Holland Police Department observed a Cadillac obstructing an intersection; he initiated a traffic stop of the car after it began to drive away. Defendant-appellee Peoples was the driver of the Cadillac. After determining that Peoples had a suspended license and calling for the assistance of Officer Reuschel, Officer Dozeman arrested Peoples and placed him in handcuffs in the patrol car.

While Peoples was in the patrol car, Officers Dozeman and Reuschel searched the passenger compartment of the Cadillac, where they discovered $794 in cash wrapped in a napkin in the lower side-pocket of the driver's side door. The officers then requested the assistance of a canine unit, which alerted to the carpet beneath the middle console on the passenger side. Canine Officer Scott Doza found a small bag of marijuana and some Zig Zag papers under the carpet. As the search proceeded, the canine unit also alerted "deep" in the back portion of the armrest in the back seat. Based upon his experience with the canine unit, Officer Doza believed that the dog was alerting to the trunk, which bordered the armrest. Officer Doza searched the trunk of the Cadillac where he discovered, in an area beneath the carpet and behind the back seat, a white sock containing a Glock .40 caliber semiautomatic pistol with a loaded magazine.

On June 4, 2009, a federal grand jury returned a one-count indictment, charging Peoples with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Peoples was arrested and arraigned later that month; in August 2009, he filed a motion to suppress the firearm under the Supreme Court's precedent in *Gant*. Following an evidentiary hearing, on October 29, 2009, the district court issued an opinion granting the motion to suppress. Although the district court noted

that, at the time of the search, Sixth Circuit precedent permitted the officers to search the Cadillac incident to arrest while Peoples was secured in the patrol car, the court held that the officers' good-faith reliance upon then-existing appellate precedent was not an exception to the exclusionary rule. On November 19, 2009, the government filed a timely notice of appeal.

II.

In this case, the sole question presented for our review is whether an officer's objectively reasonable reliance upon binding appellate-court precedent constitutes an exception to the exclusionary rule under the Fourth Amendment. We review this legal question *de novo*, *United States v. Davis*, 514 F.3d 596, 607 (6th Cir. 2008), and we answer it in the affirmative.

In *Davis v. United States*, 131 S. Ct. 2419, 2425–26 (2011), following a routine traffic stop, police officers arrested driver Stella Owens and passenger Willie Davis and searched the vehicle incident to their arrests; they found a pistol belonging to Davis inside the vehicle; and Davis was convicted of being a felon in possession of a weapon. *Davis* involved an Alabama stop and a conviction in federal district court in Alabama. The search in *Davis* pre-dated *Gant* and was permissible at the time under the Eleventh Circuit's precedent in *United States v. Gonzalez*, 71 F.3d 819, 822, 824–27 (11th Cir. 1996), which upheld an automobile search after the defendant had been "pulled from the vehicle, handcuffed, laid on the ground, and placed under arrest." As here, Davis argued that the pistol should be suppressed under *Gant*, which held that an automobile search incident to arrest is constitutional only "(1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest.'" *Davis*, 131 S. Ct. at 2425 (quoting *Gant*, 129 S. Ct. at 1719).

The Eleventh Circuit had acknowledged that the search violated Davis's Fourth Amendment rights, as later clarified by *Gant*, but declined to apply the exclusionary rule because the officers had reasonably relied upon *Gonzalez*. *See United States v. Davis*, 598 F.3d 1259, 1266 (11th Cir. 2010). The Supreme Court granted *certiorari* to resolve the dispute among the circuits as to whether the exclusionary rule should apply in cases such as this. The Court held that it should not and stated that "when the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." *Davis*, 131 S. Ct. at 2434; *see also Buford*, 632 F.3d at 276–77 (holding that "the judicially-created exclusionary rule does not apply and suppression is not warranted" when a police officer reasonably relies upon "settled circuit precedent that authorizes the search of a vehicle"). Noting that "[p]olice practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield meaningful deterrence, and culpable enough to be worth the price paid by the justice system," the Court reasoned that "[e]xcluding evidence in such cases deters no police misconduct and imposes substantial social costs." *Davis*, 131 S. Ct. at 2428, 2434 (internal quotations and editorial marks omitted).

Bound, as we are, by *Davis* and *Buford*, we conclude that the firearm seized from the Cadillac incident to Peoples's arrest should not have been suppressed. As the parties acknowledge, this warrantless automobile search is no longer permissible after *Gant*: Peoples was not within reaching distance of the Cadillac at the time the search occurred, and the officers had no reason to believe that the car contained evidence related to his suspended license. However, at the time it occurred, our precedent clearly permitted such a search. *See, e.g.*, *United States v. Patterson*, 993 F.2d 121, 122–23 (6th Cir. 1993) (citing *United States v. White*, 871 F.2d 41 (6th Cir. 1989) (stating

that the Sixth Circuit has "held that police may search a vehicle incident to arrest even after the arrestee was handcuffed and placed in the backseat of a police cruiser")). The officers committed no misconduct in relying upon this settled precedent, and suppression of the firearm is not warranted.

III.

For the foregoing reasons, we reverse the decision of the district court and remand for further proceedings.