NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0558n.06

No. 09-6242

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 10, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | On Appeal from the United |
| v. | ) | States District Court for the |
| | ) | Eastern District of Kentucky |
| JUAN FRANCISCO LOPEZ | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

**GREER, District Judge**. This is Lopez's second trip to this Court. On his prior trip, this Court reversed the district court's denial of Lopez's motion to suppress based on the intervening authority of *Arizona v. Gant*, 553 U.S. 332 (2009), and "remanded for further proceedings consistent with this opinion." *United States v. Lopez*, 567 F.3d 755 (6th Cir. 2009) (*Lopez I*). The defendant now appeals the district court's denial of his motion to suppress on remand arguing that the United States waived its "good faith" argument by not raising it in the district court prior to the remand, that the district court exceeded the scope of the remand, and that the "good faith" exception has no application to this case. Finding no merit in defendant's arguments, we affirm.

I.

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

On September 27, 2006, Lopez was stopped by Kentucky State Trooper Tommy Cromer for speeding in excess of 100 miles per hour. Lopez was eventually arrested by Cromer and charged with reckless driving. After Lopez was arrested and secured in the backseat of Cromer's patrol car, the passenger area of Lopez's car was searched. Under the driver's seat, Cromer found 73 grams of crack cocaine, a set of digital scales, and a Glock .40 caliber loaded handgun. Lopez was indicted in federal court for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Lopez challenged the search in the district court, arguing that his Fourth Amendment rights were violated by the search of the passenger compartment of his car when he was already secured in the backseat of the patrol car. The district court denied Lopez's motion to suppress, relying on *New York v. Belton*, 453 U.S. 454 (1981), which permitted the search. Lopez then pled guilty, reserving the right to appeal the district court's suppression ruling. We reversed and remanded because the Supreme Court, in *Arizona v. Gant*, had "since changed the law." *Lopez I*, 657 F.3d at 757.

On remand, the district court held that the remand was a general remand which did not prevent the court from addressing an argument by the government, made for the first time on remand, that the search, even though it violated the Fourth Amendment, was subject to a "good faith" exception to the exclusionary rule. The district court further held that the government did not waive the argument by failing to raise it before remand in its response to Lopez's motion to suppress. The district court again denied the motion to suppress, holding that "the officer conducting the search of Lopez's car incident to his arrest acted in an objectively reasonable and good faith manner and in accordance with established precedent." [R. 94, Order at 1-2].

2

## II.

Lopez first argues that the remand to the district court was a limited remand and that the district court was "obligated to issue an order suppressing the evidence the defendant requested to be suppressed." We disagree. *Lopez I* contained a general remand.

A district court is limited by the scope of the remand under which it operates. *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). The difference between a limited remand and a general remand is the presence of limiting language. *Id.* A limited remand must "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate," while a general remand gives the district court "authority to address all matters as long as remaining consistent with the remand." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). The interpretation of a remand is a legal issue, which this Court reviews *de novo*. *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003).

Our prior remand "for further proceedings consistent with this opinion," *Lopez I*, 567 F.3d at 758, contains no limiting language and is presumptively a general one. *Moore*, 131 F.3d at 598. Nothing in our prior opinion obligated the district court, as argued by Lopez, to grant the motion to suppress and the district court acted within the scope of our mandate by considering the government's good faith argument.

## III.

Next, Lopez argues that the government waived any argument regarding the good faith exception when it failed to initially raise the argument in the district court in response to Lopez's motion. "The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the

3

litigation which could have been challenged in a prior appeal, but were not." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997); *see also United States v. McKinley*, 227 F.3d 716, 718-19 (6th Cir. 2000) (holding government waived argument for firearm enhancement by not raising it during the first appeal).

Lopez relies primarily on our decision in *United States v. Archibald*, 589 F.3d 289 (6th Cir. 2009). In *Archibald*, the government asked the court to uphold a protective sweep on grounds not presented to the district court. We declined to do so, applying the well established rule that appellate courts "do not ordinarily consider issues that are not raised in the district court." *Id.* at 295 (citation omitted). We further declined to remand for further proceedings on the government's new theory because "[t]he facts on which the government now relies to uphold the [protective sweep] were fully known to it at the time [of the suppression hearing], . . ." *Id.* at 296 (quoting *Giordenello v. United States*, 357 U.S. 480, 488 (1958)).

We agree, however, with the government and the district court that the government has not waived its good faith argument here because it was not ripe for review at the time the district court first decided the motion to suppress. Generally, "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand . . .," *O'Dell*, 320 F.3d at 679. As the government argues, the "good faith" issue was not ripe at the time of Lopez's suppression hearing because the search was valid under pre-*Gant* precedent and the officer's "good faith" was irrelevant. Furthermore, neither *Gant* nor *United States v. Buford*, 632 F.3d 264 (6th Cir. 2011), nor *Davis v. United States*, 131 S. Ct. 2419 (2011), which are discussed below, had yet been decided. The government has not waived the argument.

**IV.**

Finally, Lopez argues that the "good faith" exception to the exclusionary rule does not apply to searches that occurred prior to the Supreme Court's decision in *Arizona v. Gant*. His argument is foreclosed by our decision in *Buford* and the Supreme Court's recent decision in *Davis*, as recently discussed by another panel of this Court in *United States v. Peoples*, 2011 WL 2899363 (6th Cir. July 20, 2011). At issue in both *Davis* and *Buford*, as in the instant case, were valid searches incident to arrest under existing circuit precedent but which violated the defendant's Fourth Amendment rights, as clarified by *Gant*. Both the Sixth Circuit and the Supreme Court held that the exclusionary rule has no application "when the police conduct a search in objectively reasonable reliance on binding appellate precedent." *Davis*, 131 S. Ct. at 2434; *see also Buford*, 632 F.3d at 276-77 (holding that "the judicially-created exclusionary rule does not apply and suppression is not warranted" when a police officer reasonably relies upon "settled circuit precedent that authorizes the search of a vehicle").

The search at issue in this case is no longer permissible after *Gant*, as determined in *Lopez I*. At the time it occurred, however, it was clearly permitted. Only the law has changed. Under *Davis* and *Buford*, evidence seized under these circumstances is not subject to suppression.

**V.**

For these reasons, we AFFIRM.