# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3903

_____

United States of America

*Plaintiff - Appellee*

v.

Edgar Rafael Barraza-Maldonado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 14, 2013
Filed: October 11, 2013

_____

Before LOKEN, BRIGHT, and BYE, Circuit Judges.

_____

LOKEN, Circuit Judge.

Edgar Barraza-Maldonado entered a conditional plea of guilty to possessing a controlled substance with intent to distribute after the district court[1] denied his

---

[1] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

motion to suppress cocaine and other evidence found after a traffic stop of the borrowed car he was driving. He appeals the suppression ruling, arguing that Arizona agents of the federal Drug Enforcement Administration ("DEA") violated his Fourth Amendment rights as construed in United States v. Jones, 132 S. Ct. 945 (2012), when they installed a global positioning system ("GPS") device and used the device to monitor the car's movements while it traveled from Arizona to Minnesota. Concluding that the agents acted in objectively reasonable reliance on binding Ninth Circuit precedent in installing the device, and binding Supreme Court precedent in using the device to monitor the car's movements on public highways, we affirm.

## I.

An informant notified DEA agents in Phoenix that a maroon 2006 Nissan Maxima that could be found in a public parking lot in Phoenix would soon transport drugs from Phoenix to Minneapolis. Agents found the car where the informant said it would be, unattended. To monitor its movements, narcotics detective Brian Heisig, assigned to a DEA task force in Phoenix, attached a GPS device to the car without a search warrant, consistent with then-controlling Ninth Circuit precedent. See United States v. Pineda-Moreno, 591 F.3d 1212, 1215-17 (9th Cir. 2010), vacated, 132 S. Ct. 1533 (2012).

Nearly four weeks later, Barraza-Maldonado borrowed the car from its registered owner to drive it from Phoenix to Minneapolis. DEA agents used the GPS device to monitor the car's progress. When the car entered Minnesota, DEA agents alerted the Minnesota State Police to the car's location and reported that it was suspected of transporting illegal narcotics. As the car approached his position, Trooper Scott Schneider observed two traffic violations and made a traffic stop. Neither the driver, Barraza-Maldonado, nor his female passenger had a valid driver's license. Schneider decided the car must be towed. The ensuing conversation with Barraza-Maldonado and the passenger raised Schneider's suspicion of the car and its

occupants, and his drug-detecting dog alerted to the presence of narcotics. A thorough search of the car after it was towed to a nearby garage uncovered a large quantity of cocaine in the spare tire compartment.

Barraza-Maldonado moved to suppress the cocaine and other evidence seized following the traffic stop on various grounds, only one of which is at issue on appeal. Relying on Jones, a decision issued the day following his arrest, Barraza-Maldonado argued that surreptitiously installing a GPS device and using the device to monitor the car's movements for a lengthy period constituted a search that violated the Fourth Amendment because conducted without a warrant, and that evidence seized following the traffic stop must be suppressed as the tainted fruit of this unlawful search.

The district court rejected this contention for two distinct reasons: First, there was no violation of the Fourth Amendment as construed in Jones, the court concluded, because Barraza-Maldonado lacked standing to challenge installation of the GPS device at a time when he had no interest in the car, and because using the device to monitor the car's movements along public highways was permissible as he had "no reasonable expectation of privacy in his movements from one place to another." United States v. Knotts, 460 U.S. 276, 281 (1983). Second, the court concluded, even if continued use of the device after the car came into Barraza-Maldonado's possession amounted to a continuing trespass that he has standing to challenge under Jones, the evidence should not be suppressed because the agents acted in objectively reasonable reliance on binding appellate precedent. Barraza-Maldonado challenges both rulings on appeal. We need address only the second.

## II.

The Fourth Amendment protects against unreasonable searches, that is, searches that are neither authorized by a warrant nor within one of the specific exceptions to the warrant requirement. Arizona v. Gant, 556 U.S. 332, 338 (2009).

-3-

A violation of the Fourth Amendment usually triggers exclusion of evidence "obtained by way of" the violation from a subsequent criminal prosecution. Davis v. United States, 131 S. Ct. 2419, 2423 (2011). But this exclusionary rule is not a personal constitutional right, nor is it designed to redress injury. "The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations." Id. at 2426. Therefore, the Supreme Court concluded in Davis, the exclusionary rule does not apply "when the police conduct a search in objectively reasonable reliance on binding appellate precedent." Id. at 2434. This "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered." United States v. Leon, 468 U.S. 897, 922 n.23 (1984).

For the good faith exception to apply, officers performing a particular investigatory action -- such as GPS tracking -- must strictly comply with binding appellate precedent governing the jurisdiction in which they are acting. See Davis, 131 S. Ct. at 2428; United States v. Sparks, 711 F.3d 58, 63-64 & n.2, 65 (1st Cir.), cert. denied, No. 12-10957, 2013 WL 3230428, at *1 (U.S. Oct. 7, 2013); United States v. Andres, 703 F.3d 828, 830-31, 834-35 (5th Cir.), cert. denied, 133 S. Ct. 2814 (2013). Before the DEA agents installed the GPS device in this case, the Ninth Circuit had repeatedly held that installation of such a device on a car did not constitute a Fourth Amendment search if the person challenging this action had no reasonable expectation of privacy in the car's location. See Pineda-Moreno, 591 F.3d at 1214-15, citing United States v. McIver, 186 F.3d 1119 (9th Cir. 1999), cert. denied, 528 U.S. 1177 (2000). Here, the agents installed the GPS device on a car parked in a public lot in Phoenix. Therefore, the district court concluded, the agents acted in objectively reasonable reliance on binding Ninth Circuit precedent when they installed the device in this public location.

Relying on a caveat in Justice Sotomayor's concurring opinion in <u>Davis</u>, Barraza-Maldonado argues that the agents' reliance was not objectively reasonable because, when they installed the device, "the law governing the constitutionality of [this] particular search [was] unsettled." 131 S. Ct. at 2435. One federal appellate court and several state statutes prohibited warrantless GPS tracking in at least some circumstances,[2] and only five circuits including the Ninth had upheld warrantless installation.[3] Barraza-Maldonado urges us to rule that officers may reasonably rely on "settled" appellate precedent only when that precedent is both uniform in the governing circuit *and* generally accepted nationwide. He argues that the district court's contrary focus on precedent in a single jurisdiction will lead to inconsistent application of the exclusionary rule across the country when there is a conflict in the circuits on an unsettled Fourth Amendment issue.

We reject this contention as contrary to the majority opinion in <u>Davis</u>. The officers in that case had relied on precedent that was well settled in the governing Eleventh Circuit and consistent with the prevailing view; "[n]ot every court, however, agreed" with that view. 131 S. Ct. at 2425; <u>see</u> <u>Gant</u>, 556 U.S. at 342 & n.2. As the Court explained in holding that the good faith exception nonetheless applied:

> [W]hen binding appellate precedent specifically *authorizes* a particular police practice, well-trained officers will and should use that tool to fulfill their crime-detection and public-safety responsibilities. An officer who conducts a search in reliance on binding appellate precedent

---

[2]<u>See</u> <u>United States v. Maynard</u>, 615 F.3d 544, 555, 564 (D.C. Cir. 2010), and statutes cited, <u>aff'd sub nom.</u> in <u>Jones</u>, 132 S. Ct. 945.

[3]<u>United States v. Hernandez</u>, 647 F.3d 216, 220 (5th Cir. 2011); <u>United States v. Marquez</u>, 605 F.3d 604, 610 (8th Cir. 2010); <u>Pineda-Moreno</u>, 591 F.3d at 1215-17; <u>United States v. Garcia</u>, 474 F.3d 994, 996-97 (7th Cir.), <u>cert. denied</u>, 552 U.S. 883 (2007); <u>United States v. Smith</u>, 387 F. App'x 918, 921 (11th Cir.), <u>cert. denied</u>, 131 S. Ct. 621 (2010).

does no more than act as a reasonable officer would and should act under the circumstances. The deterrent effect of exclusion in such a case can only be to discourage the officer from doing his duty.

Davis, 131 S. Ct. at 2429 (emphasis in original; quotations omitted). In these circumstances, applying the exclusionary rule would "penalize the officer for the appellate judges' error." Id.

Barraza-Maldonado further argues that the agents' reliance was not objectively reasonable because the DEA is an agency with nationwide jurisdiction, and the agents used the device to monitor the car as it traveled into Minnesota, a State that has long required court approval before law enforcement officers may use a mobile tracking device. But the device was installed in Arizona by agents reasonably relying on settled Ninth Circuit precedent. That precedent further authorized use of the device to monitor where the car traveled on public highways because that is "information the agents could have obtained by following the car." Pineda-Moreno, 591 F.3d at 1216, applying Knotts, 460 U.S. at 281-82.

In Andres, the Fifth Circuit, without considering Seventh Circuit precedent, held that the exclusionary rule did not apply when agents reasonably relying on Fifth Circuit precedent installed a GPS device in that Circuit and used the device to monitor a suspect's vehicle as it traveled into the Seventh Circuit. 703 F.3d at 830-31, 834-35. We agree this is the relevant inquiry. Moreover, as the district court noted, even if Eighth Circuit precedent was relevant because the monitored car was stopped and the evidence seized on a public highway in Minnesota, our settled precedent was consistent with the Ninth Circuit precedent on which the agents relied. See Marquez, 605 F.3d at 609-10. Whether Minnesota state law required a court order authorizing the monitoring in question is irrelevant; the legality of the search and seizure in this federal prosecution was governed solely by Fourth Amendment principles. See, e.g., United States v. Howard, 532 F.3d 755, 760 (8th Cir. 2008).

Finally, Barraza-Maldonado argues the agents' reliance was not objectively reasonable because the DEA knew that the issue was pending before the Supreme Court in Jones. Thus, the agents "installed and monitored the GPS unit in deliberate indifference to the real possibility that it would be declared unconstitutional by the Supreme Court at any moment." We disagree. Because deterring constitutional violations is the exclusionary rule's "sole purpose," Davis, 131 S. Ct. at 2426, the good faith exception asks whether the agents reasonably relied on explicit appellate precedent in the jurisdiction where they installed the GPS device, the Ninth Circuit, not whether that authorization would be upheld as constitutionally correct. Officers should not be faulted for adhering to existing precedent until that precedent is authoritatively overruled. "When the police comply with authoritative precedent, only to see the law evolve after the fact, there is nothing to deter; the police cannot modify their conduct to accord with cases not yet decided." Sparks, 711 F.3d at 63; accord United States v. Peoples, 432 F. App'x 463, 465 (6th Cir. 2011) (unpublished).

Assuming without deciding the DEA agents violated Barraza-Maldonado's Fourth Amendment rights as construed in Jones by installing the GPS device in Phoenix, or by using the device to monitor the car as it traveled from Arizona into Minnesota, we conclude the district court properly denied Barraza-Maldonado's motion to suppress because the evidence seized as a result of the installation and monitoring was admissible under the good faith exception to the Fourth Amendment exclusionary rule. Accordingly, the judgment of the district court is affirmed.

_____