# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3436

_____

Earl William Freeman

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 18, 2015
Filed: June 1, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Earl William Freeman appeals after the district court[1] denied his 28 U.S.C. § 2255 motion and granted a certificate of appealability. After careful review, this

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

court affirms. *See United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (standard of review).

In March 2011, Freeman pled guilty to conspiring to manufacture and distribute methamphetamine. He was sentenced to 240 months in prison in May 2012. In April 2013, he filed a section 2255 motion, in which he alleged that his trial counsel was ineffective for failing to file a motion to suppress evidence. Relying on *United States v. Jones*, 132 S. Ct. 945, 949 (2012), he argued that officers violated the Fourth Amendment by attaching a global positioning system (GPS) device to his vehicle without a search warrant and by monitoring his movements in the days preceding his March 2010 arrest.

This court concludes Freeman failed to show deficient performance by counsel or prejudice, because he did not show that the evidence would have been suppressed. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (where ineffective-assistance allegation is that counsel failed to competently litigate Fourth Amendment claim, petitioner must demonstrate prejudice by proving that Fourth Amendment claim is meritorious and that there is reasonable probability that verdict would have been different absent excludable evidence); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (to establish ineffective assistance, petitioner must show deficient performance and prejudice); *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) (counsel is not ineffective for failing to pursue suppression motion that he reasonably believes would be futile). At the time of the officers' conduct, they reasonably could have relied on *United States v. Knotts*, 460 U.S. 276 (1983), and *United States v. Karo*, 468 U.S. 705 (1984), as binding precedent permitting the use of a GPS tracking device on a suspect's vehicle without a warrant. *See Davis v. United States*, 131 S. Ct. 2419, 2423-24, 2434 (2011) (search conducted in objectively reasonable reliance on binding appellate precedent—which is later overruled— is not subject to exclusionary rule); *United States v. Robinson*, 781 F.3d 453, 458-60 & n.2 (8th Cir. 2015) (applying *Davis* good-faith exception to officers'

use of GPS tracking device on suspect's vehicle for 2 months without search warrant, because officers in January 2010 could have reasonably relied on *Knotts* and *Karo* as binding appellate precedent permitting warrantless GPS use); *see also Karo*, 468 U.S. at 712-13 (finding constitutional officers' installation of beeper inside can transferred to target); *Knotts*, 460 U.S. at 281-82, 285 (finding no Fourth Amendment violation in monitoring vehicle with tracking beeper when surveillance amounted principally to following vehicle on public streets; person traveling in vehicle on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another). Contrary to Freeman's argument, Iowa state law does not alter the analysis. *See United States v. Barraza-Maldonado*, 732 F.3d 865, 869 (8th Cir. 2013) (whether state law required officers to obtain court order authorizing GPS monitoring of vehicle is irrelevant, as legality of search and seizure in federal prosecution is governed solely by Fourth Amendment principles).

The judgment is affirmed.

_____