NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0621n.06

No. 15-1011

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED** |
| | ) | Sep 02, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STANTON MYLO HALES | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Stanton Hales pled guilty to possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He now challenges the district court's denial of his motion to suppress evidence of the cocaine. We affirm.

On August 9, 2012, a confidential informant told police officers working in Flint, Michigan, that two men were going to drive a black Chevrolet Tahoe to a business in Flint later that day and sell the informant two ounces of crack cocaine. Officers set up surveillance around the business and arranged for the informant to signal when he saw cocaine.

Later that afternoon, a black Tahoe with two occupants arrived at the surveilled business. Hales stepped out of the front passenger door and walked towards the informant, who after a few minutes signaled that Hales had cocaine. Several officers then moved in to arrest Hales and his partner. Both men fled: the partner drove off in the Tahoe (which he later crashed into a police

cruiser), and Hales took off on foot. While running, Hales threw a plastic bag of cocaine to the ground and tried to swallow another. Officers chased and tackled Hales. During the scuffle, some of the cocaine from Hales's mouth spilled onto a DEA agent.

Hales thereafter moved to suppress evidence of both bags of cocaine. The district court denied the motion. Hales then entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion, which he exercises here.

We review de novo the district court's legal conclusions supporting the denial of Hales's motion and the court's underlying factual findings for clear error. *United States v. Lopez*, 567 F.3d 755, 757 (6th Cir. 2009). Hales argues here, as he did below, that the district court should have excluded both bags of cocaine because both were discovered during an unlawful arrest. In Hales's view, the arrest began when police started chasing him; and at that point, he says, the police lacked probable cause to arrest him because they relied on an informant who was untrustworthy.

Hales is mistaken as to when his arrest began. Specifically, Hales was under arrest only when the officers finally tackled and subdued him, not while he was running away. *See California v. Hodari D.*, 499 U.S. 621, 629 (1991). The officers therefore did not need probable cause to retrieve the bag of cocaine that he threw away.

That leaves the bag of cocaine that tumbled out of Hales's mouth as the officers arrested him. The officers' seizure of that bag was lawful so long as they had probable cause to arrest Hales at the moment they tackled him. *See United States v. Harness*, 453 F.3d 752, 754 (6th Cir. 2006). And at that moment, the officers knew three things: first, an eyewitness (the informant) had indicated moments before that Hales possessed cocaine; second, after the informant's tip alerted police to the drug deal, Hales fled at the sight of the officers; and third, Hales threw a bag

of cocaine to the ground while running away. We have no doubt that under these circumstances the officers had probable cause for an arrest. Thus, the district court properly denied Hales's motion to suppress evidence of the second bag of cocaine.

The district court's judgment is affirmed.