RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LYNCE P. FOSTER,

*Defendant-Appellant.*

No. 11-6414

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 2:09-cr-5—J. Ronnie Greer, District Judge.

Argued: June 25, 2014

Decided and Filed: August 28, 2014

Before: ROGERS and KETHLEDGE, Circuit Judges; MALONEY, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Frederick Liu, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Frederick Liu, HOGAN LOVELLS US LLP, Washington, D.C., Renée Paradis, San Francisco, California, for Appellant. Luke A. McLaurin, Robert M. Reeves, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

---

[*]The Honorable Paul L. Maloney, United States District Judge for the Western District of Michigan, sitting by designation.

---

**OPINION**

---

ROGERS, Circuit Judge.  Lynce Foster was sentenced to 622 months' imprisonment for two counts of drug possession, two counts of firearm possession, one count of drug distribution, and one count of conspiracy.  Both parties now agree that Foster's conviction and sentence for one of the drug possession counts and one of the firearm possession counts violate the Double Jeopardy Clause because those two counts duplicate other counts for which Foster was convicted and sentenced.  The issue before us is whether the sentences for the remaining four counts should also be vacated and remanded for resentencing.  The 120-month sentence for the duplicative drug possession count was set to run concurrently with three sentences of equal or greater length, such that its vacatur could not logically be a basis for increasing the overall sentence for the remaining counts.  And the district court made clear at sentencing that the duplicative firearm possession count did not affect the length of other parts of the sentence.  There is, accordingly, no basis for the district court to increase the sentence on the four remaining counts.  In vacating the two duplicative counts, we decline to permit resentencing on the remaining counts.

On February 5, 2006, a police car pulled up behind a truck driven by Foster.  When Foster abandoned the truck and fled on foot, officers searched the truck, discovering a pistol inside and 225.8 grams of cocaine and a Bryco Jennings pistol on the ground nearby.  In January 2009, the Federal Government indicted Foster for possessing cocaine with intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and possessing the Bryco Jennings pistol and ammunition as a convicted felon.  Shortly thereafter, the police linked Foster to the robbery of a cocaine supplier that occurred on January 29, 2006, a week before Foster abandoned the truck.  A federal agent recognized that the January robbery "was the source of the drugs" the police found outside the truck in February.  Two superseding indictments added three counts to the three with which Foster had already been charged.  The final superseding indictment charged Foster with 1) conspiring to distribute, and to possess with intent to distribute, over 500 grams or more of cocaine from about January 2005 to March 2006, in violation of 21 U.S.C. § 841(a)(1); 2) possessing with intent to distribute 500 grams or more of

cocaine "on or about January 29, 2006," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); 3) possessing a firearm in furtherance of the drug trafficking charged in Count 2, in violation of 18 U.S.C. § 924(c)(1)(A); 4) possessing cocaine on February 5, 2006, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 5) possessing a firearm on February 5, 2006, in furtherance of the drug trafficking crime charged in Count 4, in violation of 18 U.S.C. § 924(c)(1)(A); and 6) possessing, as a previously convicted felon, the Bryco Jennings pistol and ammunition found outside the truck and the pistol found inside the truck on February 5, 2006.

Foster went to trial, where a jury convicted him of all six counts. The district court imposed a net effective sentence of 622 months' imprisonment. In calculating Foster's sentence, the district court cumulated the three drug counts (Counts 1, 2, and 4), which, given the total quantity of drugs involved, resulted in a base offense level of 26. A three-level managerial role enhancement and a one-level multi-count enhancement for the felon-in-possession charge (Count 6) bumped Foster's adjusted offense level to 30. The district court also determined that Foster qualified as a career offender under U.S.S.G. § 4B1.1(a), thus raising his offense level to 34 and yielding a criminal history category of VI. Those classifications, in turn, correspond to an advisory guideline range of 262 to 327 months' imprisonment for Counts 1, 2, 4, and 6. Because Counts 3 and 5 (the § 924(c) offenses) carried statutorily-mandated consecutive 60-month and 300-month terms, respectively, Foster's total applicable Guidelines range was 622 to 687 months' imprisonment.

After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Foster to a total of 622 months' imprisonment: 262 months on Counts 1 and 2, and 120 months on Counts 4 and 6, all to be served concurrently; and consecutive terms of 60 and 300 months' imprisonment, respectively, for Counts 3 and 5. At sentencing, Foster acknowledged that he faced a mandatory consecutive term totaling 30 years on the § 924(c) convictions, and argued that a 5-year sentence on the remaining counts—which was the statutory minimum—would be sufficient when viewed in conjunction with the 30-year term. The court rejected Foster's argument, stating that,

> It also would not be appropriate for me to simply look at the 30, 30 years that the Congress has said must be imposed on these gun counts and say that that's enough in and of itself and so I ought to impose the minimum on the drug

count. . . . Congress has said that will be the penalty. And to simply say that, well, that's enough for all this, or that's enough in combination with the 5 year mandatory minimum for the drug charge simply requires me to ignore the seriousness of the drug charge and the conviction in those—that count and those related counts.

Foster appeals.

On appeal, the parties agree that Counts 4 and 5 must be vacated on double jeopardy grounds, since those Counts duplicate Counts 2 and 3, respectively. The Double Jeopardy Clause prohibits multiple punishments for the same offense, which includes (as here), multiple violations of the same statute based on a single, indivisible course of conduct. U.S. Const. amend. V; *United States v. Woods*, 568 F.2d 509, 513 n.1 (6th Cir. 1995). In this case,

> [T]he United States concedes that the cocaine which Defendant possessed on February 5, 2006—*i.e.*, the cocaine which served as the basis for Count Four— was, in fact, a portion of the same cocaine Defendant had possessed on January 29, 2006—*i.e.*, the cocaine which served as the basis for Count Two. . . . Since Defendant's possession of that cocaine was continuous, he should have only been convicted of one violation of 21 U.S.C. § 841(a)(1). . . . Defendant's conviction on Count Four should be vacated as multiplicitous with his conviction on Count Two.

Appellee Br. at 8. Similarly,

> Defendant's conviction on Count Five also should be vacated because the firearms offense charged in that count was specifically alleged to have occurred during the commission of the drug-trafficking crime specified in Count Four. That Count Four drug-trafficking offense, however, was the same drug trafficking offense which was charged in Count Two. Since Defendant was properly convicted of possessing a firearm in furtherance of that drug-trafficking offense in Count Three, his Count Five conviction for the same conduct must also be vacated. *See, e.g.*, *United States v. Sims*, 975 F.2d 1225, 1223 (6th Cir. 1992). . . .

Appellee Br. at 9. Accordingly, Counts 4 and 5 of Foster's conviction must be vacated.

The sentences the district court imposed on Counts 4 and 5 are not sufficiently intertwined with the non-duplicative counts to warrant resentencing on the non-duplicative counts. Under 28 U.S.C. § 2106, after correcting an error in a defendant's conviction or sentence, this court has discretion to issue a general or a limited remand, and to "direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as

may be just under the circumstances." The Government argues that we should remand in a way that would permit the district court to increase the sentence on the four remaining counts. Foster, however—while recognizing that a resentencing could result in a shorter sentence on the remaining counts, for instance on the basis of intervening good behavior, *see Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011)—opposes (and thus perforce waives) resentencing or reconsideration of the remaining sentence.

A remand to permit an increase in Foster's sentence for the four remaining counts is not warranted here. Vacatur of Count 4 does not afford a coherent basis for increasing the sentence for the remaining counts, because the sentence for Count 4 ran concurrently with three other sentences of equal or greater length. The whole idea of a concurrent sentence assumes that the sentence will remain the same even if a lesser concurrent sentence is later invalidated. While there might be some intuitive appeal to *reducing* the overall length of imprisonment when one of several concurrent sentences is reversed, there is nothing that could support *increasing* the punishment for the remaining counts. Thus, vacatur of Count 4 cannot provide a basis for remanding to allow for an increase in Foster's sentence for the remaining counts.

As to Count 5, the record makes clear that vacatur of that count—and the accompanying, mandatorily-consecutive 25-year sentence—may not serve as a basis for a remand to permit an increase in Foster's sentence for the remaining counts. It might make sense to increase the sentence for the remaining counts if the district court took into account the lengthy, consecutive sentence for Count 5 in imposing a sentence for the drug and conspiracy counts shorter than the court might otherwise have imposed. If there were such a possibility, the sentence for Count 5 might be sufficiently intertwined with the sentence for the remaining counts to permit the district court to revisit the sentence for those counts. *See Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). But there is no such possibility on the record in this case. At sentencing, Foster asked the district court to take into account the lengthy, mandatorily-consecutive sentences for Counts 3 and 5 when determining the length of the sentence for the drug possession counts. The district court refused to do so, saying:

> It also would not be appropriate for me to simply look at the 30, 30 years that Congress has said must be imposed on these gun counts and say that that's enough in and of itself and so I ought to impose the minimum on the drug count.

> I, I frankly don't feel like it's appropriate for me to consider that in that way, Mr. Foster. It's—Congress has said that will be the penalty. And to simply say that, well, that's enough for all this, or that's enough in combination with the 5 year mandatory minimum for the drug charge simply requires me to ignore the seriousness of the drug charge and the conviction in those—that count and those related counts.

Because the district court explicitly declined to take Foster's sentence for Count 5 into account when sentencing Foster for the remaining counts, vacatur of Count 5 cannot be the basis for revisiting the sentence imposed for the remaining counts.

The cases cited by the Government do not require a different result. The Government contends that cases such as *United States v. Campbell*, 168 F.3d 263, 265–68 (6th Cir. 1999), and *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012), establish a presumption that remands are general rather than limited. The presumption, however, is used to determine whether unclear or ambiguous remands are general or limited in nature. It says nothing about whether a remand should be general or limited in the first place.

The Government also points to language from our unpublished opinion in *United States v. Faulkenberry*, to the effect that, "[w]hen a defendant is convicted of and sentenced for multiple offenses stemming from the same course of conduct and one or more of those convictions is reversed on appeal, the court of appeals can—and ordinarily should—remand the case for resentencing on the remaining counts." 461 F. App'x 496, 502 (6th Cir. 2012). But, as *Faulkenberry* itself makes clear, that is true only when "a multiple-count criminal judgment" produces "'interdependent' sentences." *Id.* at 499, quoting *United States v. Faulkenberry*, 614 F.3d 573, 590 (6th Cir. 2010). In those circumstances, a complete remand is apposite because "[w]hen a defendant challenges convictions on particular counts that are inextricably tied to other counts in determining the sentencing range under the guidelines, the defendant assumes the risk of undoing the intricate knot of calculations should he succeed." *Id.*, at 501–02 (quoting *United States v. Atehortva*, 69 F.3d 679, 685–86 (2d Cir. 1995)). Here, however, there is no evidence that the sentence for the four remaining counts was "inextricably tied" to Counts 4 and 5. To the contrary, the sentencing record establishes that Counts 4 and 5 had no effect on the sentence for the remaining counts. *Faulkenberry*, then, does not supply a basis for reopening Foster's sentence for the remaining counts.

Finally, the Government cites *United States v. Clements*, 86 F.3d 599 (6th Cir. 1996), for the proposition that "a mandatory-consecutive [18 U.S.C.] § 924(c) sentence [is] interdependent with a sentence on the underlying drug-trafficking count." But *Clements* is not so categorical. Clements's sentences for drug offenses and using or carrying a firearm were interdependent because: "Had the defendant not been convicted under § 924(c), the District Court would have had the discretion [under the Sentencing Guidelines] to increase his drug trafficking offense level for firearm possession. However, since he was in fact convicted under § 924(c), it did not have such discretion." 86 F.3d at 601. By contrast, even had Foster not been convicted on Count 5, the district court could not have increased his drug trafficking offense level for firearm possession, because Count 3 of the second superseding indictment already punished Foster, under § 924(c), for that very offense. When a defendant "is charged with and sentenced separately for using or carrying a firearm in violation of 18 U.S.C. § 924(c), the two-level enhancement for firearm possession pursuant to [USSG] § 2D1.1(b)(1) is not permitted so as to avoid double counting." *Id.* (citing USSG § 2K2.4, cmt. 3). Thus, with or without Count 5, the district court was precluded from enhancing Foster's drug trafficking sentence to account for Foster's firearm possession.

In light of our holding, we need not address Foster's argument that the Constitution's Double Jeopardy Clause prohibits resentencing on the four non-duplicative counts. We vacate only Foster's sentences on Count 4 (a concurrent 120-month sentence for possessing cocaine with intent to distribute), and Count 5 (a consecutive 25-year sentence for possessing a firearm in furtherance of a drug trafficking crime). The case is remanded to the district court for proceedings in accordance with this opinion.