<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

File Name: 17a0578n.06

Case No. 16-4285

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="12"><b>FILED</b><br>Oct 11, 2017<br>DEBORAH S. HUNT, Clerk</td></tr>
</table>

UNITED STATES OF AMERICA, )

 Plaintiff-Appellee, )

v. )

ANGELIQUE BANKSTON, )

 Defendant-Appellant. )

**FILED**
Oct 11, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

BEFORE: STRANCH, DONALD, and LIPEZ, Circuit Judges.[*]

 **LIPEZ, Circuit Judge**. In a prior appeal, we found that Defendant-Appellant Angelique Bankston was entitled to resentencing based on multiple flaws in her original proceeding, including the use of an incorrect base offense level ("BOL") and the district court's failure to explain its departure from the recommended criminal history category ("CHC"). *See United States v. Bankston*, 820 F.3d 215, 236 (6th Cir. 2016). On remand, before a different judge,[1] Bankston received a sentence that is seventeen months longer than her original term of imprisonment. In this appeal, she argues that the greater aggregate sentence violates principles of due process and double jeopardy because the district court failed to justify the lengthened term

---

[*] The Honorable Kermit V. Lipez, Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

[1] The judge who previously sentenced Bankston had retired and the resentencing was thus assigned randomly to another judge.

and the record does not support a greater sentence. Bankston further argues that the district court lacked jurisdiction to alter the sentence imposed on her four convictions for aggravated identity theft because those counts were outside the scope of the remand order. Having carefully considered Bankston's arguments, we find them unavailing. Accordingly, we **AFFIRM** her sentence.

## I.

### A. The First Sentencing and Appeal

Following her convictions on 23 counts arising from her participation in multiple schemes that involved the use of stolen identities to defraud banks and the government, Bankston was sentenced to a total of 168 months' imprisonment. Specifically, the court imposed a term of 144 months on nineteen convictions for crimes other than aggravated identity theft – i.e., for bank, mail and wire fraud; money laundering; making a false statement; and conspiracy – plus a mandatory consecutive 24-month term for the remaining four convictions for aggravated identity theft. *See* 18 U.S.C. § 1028A(b)(2). Although the court had discretion to impose separate, consecutive two-year terms for each aggravated identity theft count, *see id.* § 1028A(b)(4), it imposed concurrent sentences on the four counts. The sentencing on the other counts was based on a BOL of 27 and a CHC of VI.[2]

This court subsequently vacated the single conviction for making a false statement, and we also identified three errors in Bankston's first sentencing proceeding. First, consistent with the views of both parties, we held that the district court had erroneously used a BOL of 27 when it had earlier determined that the level should be 25. Second, we held that the court committed

---

[2] The original sentencing judgment specified the terms as follows: 144 months on each of Counts 2-5, 7, 9-14, 16, 18, and 20-21 (bank fraud, money laundering, mail fraud, wire fraud,); 60 months on each of Counts 1, 15, 17, and 23 (conspiracy and making a false statement), all to be served concurrently; and a term of 24 months on each of Counts 6, 8, 19, and 22 (aggravated identity theft), "to be served concurrently with each other but consecutive to Counts 1-5, 7, 9-18, 20, 21, and 23." R. 220.

plain error when it applied a CHC of VI, rather than the recommended CHC of V, without an adequate explanation. Finally, we found that the court had not sufficiently addressed the parties' dispute concerning loss amounts. Hence, in addition to correcting the BOL discrepancy, we instructed the district court on remand "to provide an explanation for any upward departure in the CHC and resolve the remaining factual disputes regarding the loss amounts." *Bankston*, 820 F.3d at 237.

**B. The Second Sentencing**

At Bankston's resentencing hearing, the district court initially appeared to believe that the scope of the proceeding was limited to the four specific points addressed in our opinion: the prior judge's use of (1) a BOL of 27 and (2) a CHC of VI, (3) the dispute over loss amounts, and (4) removal of Count 23, the vacated conviction, from the sentencing calculus. R. 280: Sentencing Hr'g Tr., at 5022. The government, however, expressed the view that this court had ordered a general remand that empowered the district court to "start anew" and make its own determinations on every aspect of the sentence, including the applicability of the government's requested enhancements and the proper total offense level. *Id.* at 4997, 5022. Consistent with that view, the prosecutor urged the judge to reconsider the government's request at the time of Bankston's first sentencing that she be given separate two-year terms for each of her four aggravated identify theft counts. *Id.* at 4997-5000; 5027-28. That is, the government asked the court to add 96 months for aggravated identity theft, rather than the 24 months originally imposed, to the sentence on the other counts.

In a brief colloquy with the prosecutor, the court pointed out, and the government agreed, that Bankston would benefit in one respect from a general remand because a 2015 amendment to the Sentencing Guidelines that increased the threshold for an eight-level enhancement for loss

amount would apply in a full resentencing. *Id.* at 5023-24. Under the revised version of the guideline, based on the government's claimed loss of approximately $73,500, Bankston became subject to an increase of six levels rather than the eight levels that previously had been added to her BOL.[3] After the government stated, "[s]o now it's plus six, as opposed to plus eight," *id.* at 5024, the court had the following exchange with defense counsel:

> **Court:** Do you agree with that, since this is a general remand, we can --
> **Counsel:** Yes. I would agree with that.
> **Court:** We can agree it's a general remand.

*Id.* The parties' consensus thus resolved Bankston's challenge to the government's loss amount calculation, as her attorney had been urging a six-level, rather than eight-level, enhancement.[4] *See id.* at 5021; *see also id.* at 5028.

After hearing both parties' positions on other proposed enhancements – for Bankston's leadership role in the schemes, the number of victims, and the involvement of "sophisticated [money] laundering," U.S.S.G. § 2S1.1(b)(3) – the court determined Bankston's total offense level to be 25 and her CHC to be VI, producing a guideline range of 110 to 137 months. R. 280: Sentencing Hr'g Tr., at 5031, 5033. The court imposed a concurrent sentence of 137 months on all but the aggravated theft counts. *Id.* at 5038. It grouped the four aggravated theft counts into two sets, imposing concurrent 24-month terms for each pair, and stacking the two sets to run consecutively to the 137-month sentence. *Id.* In other words, Bankston's total term of imprisonment was set at 185 months – 137 months for the counts other than aggravated identity

---

[3] The threshold for the eight-level increase was raised from $70,000 to $95,000. *See* U.S.S.G. § 2B1.1(b)(1)(E). The six-level increase applies to losses between $40,000 and $95,000. *Id.* § 2B1.1(b)(1)(D).

[4] Although the loss amount remained relevant to the amount of restitution, Bankston does not challenge on appeal the court's order that she pay restitution in the amount of $73,554.17 (the same amount ordered in her first sentencing).

theft, plus 48 months for the two sets of aggravated identity theft counts.[5] The aggregate term of imprisonment thus exceeded her original 168-month sentence by seventeen months. The court articulated its rationale for each enhancement to the BOL, *id.* at 5030-31, and it detailed Bankston's extensive criminal history when explaining that it used a CHC of VI because, in its view, a CHC of V would underrepresent her criminal history, *id.* at 5032-33. The court did not explain its decision to impose two consecutive terms for the identity theft counts.

As described above, Bankston in this appeal asserts two challenges to her sentence, both of which focus on the district court's decision to lengthen her term of imprisonment by sentencing her to 48 months' imprisonment, rather than 24 months, on the four aggravated identity theft convictions. First, she claims that the longer sentence indicates a vindictive purpose to punish her for her prior successful appeal, violating principles of due process and double jeopardy. Second, she claims that the remand was "specifically limited" to the non-aggravated identity theft convictions and, hence, the district court had no jurisdiction to alter the original court's judgment to impose concurrent sentences on all four counts. Appellant's Br. at 13.

## II.

### A. The Constitutional Claims

Acknowledging that the Double Jeopardy Clause "does not absolutely prohibit a harsher sentence" following a successful appeal, Bankston argues that the stacking of sentences for her aggravated identity theft convictions was impermissible because the district court failed to justify

---

[5] Thus, as compared to the original sentencing, Bankston received a term of 137 months (instead of 144 months) on each of Counts 2-5, 7, 9-14, 18, and 20-21 (bank fraud, mail fraud, money laundering); 137 months (instead of 60 months) on Counts 1, 15, and 17 (conspiracy to commit bank fraud and money laundering), all to be served concurrently; and terms of 24 months on Counts 6 & 8 and 18 & 22 (aggravated identity theft), to run consecutively to each other and to the 137 months on the other counts. Count 16, for aiding and abetting wire fraud, was omitted from the amended sentencing judgment, apparently inadvertently. *See* R. 273.

the longer aggregate term of imprisonment that resulted from that change in approach. Appellant's Br. at 16. She relies on Supreme Court and Sixth Circuit cases in asserting that a presumption of vindictiveness applies, and a due process violation occurs, "if the same sentencing authority imposes a greater sentence, unless the reasons for doing so 'affirmatively appear.'" *Id.* at 17 (quoting *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969)); *see also Texas v. McCullough*, 475 U.S. 134, 142 (1986) (explaining that the Court in *Pearce* had "applied a presumption of vindictiveness, which may be overcome only by objective information . . . justifying the increased sentence" (omission in original) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982))); *United States v. Jackson*, 181 F.3d 740, 746 (6th Cir. 1999) (finding that "the reasons given by the district court fail to ensure that a nonvindictive rationale led to the second, higher sentence").[6] Bankston asserts that, because the district court offered no rationale for doubling the punishment for aggravated identity theft, the presumption remains in place and the longer sentence should be found unlawful.

The government maintains that Bankston's vindictiveness claim is not preserved and should be reviewed only for plain error. We bypass the standard-of-review question, however, because the claim cannot succeed even under de novo review. *See United States v. Layne*, 324 F.3d 464, 471 (6th Cir. 2003) (stating that constitutional challenges to sentences present questions of law that are reviewed de novo). Indeed, Bankston's constitutional argument is premised on a misstatement of the law as it applies to the facts of this case. It has long been the rule in this circuit that a presumption of vindictiveness ordinarily does not arise "where a *different* judge imposes a [longer] sentence after appeal." *United States v. McFalls*, 675 F.3d 599, 607 (6th Cir. 2012); *see also Goodell v. Williams*, 643 F.3d 490, 499 (6th Cir. 2011) ("The

---

[6] *Pearce* and *McCullough* involved sentencings following retrials after the defendants had successfully challenged their convictions on appeal. We have held that "their reasoning applies equally to resentencing following a successful appeal of a sentence." *Gauntlett* v. *Kelley*, 849 F.2d 213, 217 (6th Cir. 1988).

*McCullough* Court . . . expressly rejected the notion that *Pearce* stands for the proposition that the presumption applies where there are two different sentencers absent *other* circumstances that give rise to a need to protect against vindictiveness."); *Gauntlett v. Kelley*, 849 F.2d 213, 217 (6th Cir. 1988) (stating that, "when the sentences are imposed by different sentencers, the presumption does not apply"). This exception exists "because a sentencing judge uninvolved in an earlier sentence lacks a personal stake in the outcome of later proceedings and thus would have little motive to act vindictively." *McFalls*, 675 F.3d at 607. Absent the presumption, "the defendant must show actual vindictiveness." *Id.*

Bankston has not come close to making such a showing. She notes that the district court "provided little or no reasoning" for departing from the original judge's approach and instead stacking two 24-month terms for the aggravated identity theft convictions. Appellant's Br. at 20. The absence of an explicit statement by the court in the circumstances of this case, however, is not evidence of vindictiveness. To the contrary, the most reasonable inference to be drawn from this record is that the court was persuaded by the government's renewed argument that the identity theft crimes should be treated distinctly because they arose from four separate fraudulent schemes. The government emphasized during the resentencing hearing that each scheme was a "distinct and separate financial crime[]," involving "completely different victims, banks, and identifiers that were used." R. 280: Sentencing Tr., at 4998. Accordingly, the government argued, "it is completely within this Court's discretion to stack those four separate counts of identity theft." *Id.* at 5000. The court's evident acceptance of the government's logic – limited in Bankston's favor to two consecutive terms rather than four – does not bespeak vindictiveness.[7]

---

[7] We note that an express statement from the court would have been useful, as it would have eliminated our need to infer its rationale.

Bankston also claims the disparity between her sentence and the 45-month term imposed on her co-defendant Jocelyn Hale is indicative of vindictiveness. This assertion is without merit, however, as Hale was not similarly situated to Bankston. Among other differences, Hale pled guilty "early on" and assisted the government, including by testifying against Bankston at trial. *Id.* at 5026. Indeed, upon motion by the government, Hale's sentence was reduced to 38 months based on her cooperation and substantial assistance. R. 255: Mem. Op. and Order on Motion to Vacate, at 4868. Moreover, as our earlier decision described and the district court found, Bankston played a leadership role relative to Hale. R. 280: Sentencing Hr'g Tr., at 5031.

We therefore reject Bankston's constitutional claims.

## B. Jurisdiction

Bankston alternatively argues that the district court was without jurisdiction to alter the sentences imposed on the aggravated identity theft counts because this court remanded the case for resentencing only for the remaining 18 other counts of conviction. Although her prior appeal did not involve the sentencing for identity theft, *see infra*, Bankston is incorrect that our remand barred the district court from reconsidering the entirety of her sentence. Indeed, as described above, her attorney acknowledged the general nature of the remand at the sentencing hearing – which entitled her to a lesser enhancement for the amount of loss – and Bankston's brief on appeal reiterates that "this Court remanded the case for a general re-sentencing." Appellant's Br. at 12.

Whether or not those acknowledgments amount to waiver – an argument not made by the government – Bankston's jurisdictional claim is unavailing because the circumstances here fall squarely within our holding in *McFalls* rejecting a similar claim. The defendant in *McFalls* also contended that the district court had exceeded its authority on remand by reversing the original

sentencing judge's decision to impose a concurrent, rather than consecutive, sentence. *See* 675 F.3d at 604. We explained that, "[u]nless otherwise specified, a remand order is presumed to be general," and we detailed the requirements for specifying a limited remand:

> A limited remand must . . . convey clearly the intent to limit the scope of the district court's review. This intent is achieved by outlining the procedure the district court is to follow, articulating the chain of intended events with particularity, and leaving no doubt as to the scope of the remand. The language used to limit the remand should be unmistakeable.

*Id.* (citations omitted). Observing that an appellate court's focus on "a single sentencing issue does not automatically lead to the conclusion that the remand is limited," *id.*, we emphasized the need for specific limiting language such as that used in *United States v. Moore*, 76 F.3d 111 (6th Cir. 1996), *id.* at 605. There, the court's "parting words," which we quoted, directed a remand "in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense." *McFalls*, 675 F.3d at 605 (quoting *Moore*, 76 F.3d at 114).

The disclaimer that an appellate court's limited focus in its analysis does not necessarily signify a limited remand is directly applicable here. It is true, as Bankston points out, that our prior opinion repeatedly noted that her sentencing challenge was confined to the non-identity theft counts. We observed that (1) Bankston did not allege error in her sentence on the aggravated identity theft counts, (2) the government conceded that the case should be remanded for resentencing on all non-aggravated identity theft counts, and (3) the court's erroneous use of a BOL of 27 on its own "warrants remanding the case for resentencing on all but the aggravated identity theft counts." 820 F.3d at 236. Yet, the fact that the flaws in Bankston's original sentencing did not affect the identity theft counts does not mean that those counts were excluded from reconsideration on remand. Our instructions imposed no such limitation. Unlike the

specific directive used in *Moore* and endorsed in *McFalls*, the sentencing portion of our mandate stated only that we "**REMAND** the case for resentencing." *Id.* at 237. That general phrasing did not confine the proceedings to the non-identity theft convictions. *Cf. McFalls*, 675 F.3d at 604 ("A remand is limited . . . when the Court's *mandate* is so narrow in scope as to preclude the district court from considering a particular issue." (emphasis added)).

Accordingly, as in *McFalls*, "[t]he presumption of general remand stands." *Id.* at 606.[8] Bankston does not contend that, if sentencing on the aggravated identity theft counts was properly before the district court on remand, it lacked the authority to stack the sentences. Nor do we see any basis for attacking the court's judgment call.

## III.

For the foregoing reasons, we **AFFIRM** Bankston's sentence.

---

[8] In her reply brief, Bankston unsuccessfully attempts to distinguish this case from *McFalls*, arguing that her situation is instead governed by *United States v. Foster*, 765 F.3d 610 (6th Cir. 2014), where we vacated two counts of conviction and refused the government's request to allow the district court on remand to consider a longer sentence on the remaining counts. *Id.* at 613. *Foster* is simply inapt here. There, the question on appeal was how to frame the remand order, not whether a previously ordered remand was general or limited in scope. *See id.* at 614 (noting that the *McFalls* "presumption that remands are general rather than limited" does not speak to "whether a remand should be general or limited in the first place"). Moreover, in *Foster*, the defendant opposed resentencing on the non-vacated counts despite the possibility that a shorter sentence could result. *Id.* at 613. Bankston, by contrast, did not seek in her first appeal only to eliminate sentences imposed for counts the appellate court agreed to vacate; she specifically sought resentencing based on alleged *sentencing* flaws affecting 19 of the 23 original counts of conviction.